Nicholson, C. J.,
.delivered tbe opinion of tbe Court.
Plaintiff sued defendant for damages, alleging tbat defendant being tbe owner of a vicious dog, was notified to keep bim confined, but tbat be failed to do so; and tbat tbe dog attacked tbe *533 horse on which plaintiff’s wife was riding along the road, frightened the horse, caused the wife to be thrown, and her leg to be broken, for which the plaintiff claimed five thousand dollars damages.
After suing out a summons, the plaintiff applied to the Clerk of the Circuit Court for an ancillary-attachment. The attachment issued, and was levied on the land of the defendant, ■ on the 15th of February, 1868. But the affidavit on which the attachment issued was neither signed by the plaintiff', nor certified by the clerk as being sworn to. About two weeks after the attachment issued, the clerk discovered that he had issued it without the signature of the plaintiff to the affidavit; and he then, on the 2d of March, 1868, caused the plaintiff. to sign the affidavit, but still failed to certify the swearing of the plaintiff to the affidavit.
The case was tried by a jury, when a verdict was rendered for plaintiff for three hundred dollars, on which judgment was entered.
After the rendition of the judgment, defendant moved to quash the attachment, because the affidavit was not signed and sworn to, until after the attachment issued. On this motion, the clerk was allowed to prove, against the objection of the defendant, that the affidavit was not signed on the 15th: of February, 1868, when the attachment issued, but was signed afterwards, on the 2d of March. He could not state whether the plaintiff was sworn by him to the affidavit or not, on the 15th of February, but it was not his habit to issue attachments *534 without swearing parties to tbe affidavits. He stated that when tbe plaintiff did sign and swear to tbe affidavit, on tbe 2d of March, 1868, be inserted that date in tbe affidavit. Tbe circuit judge quashed tbe attachment, from which judgment tbe plaintiffs have appealed.
Tbe affidavit is tbe foundation of tbe proceeding by attachment, and becomes part of tbe record: Maples v. Tunis, 11 Hum., 108. Being a record of tbe court, it was not competent to bear proof to contradict tbe date at which it purported to be sworn to, or to show that it was sworn to on a different day. Tbe proof of tbe clerk was, therefore, improperly beard: Carrick v. Armstrong, 2 Col., 265; 8 Hum., 363.
But as tbe attachment was quashed, tbe illegal proof worked no injury to tbe defendant.
There was no error in quashing tbe attachment. By sec. 3469 of tbe Code, an affidavit is an indispensable prerequisite to tbe issuance of an attachment. “An affidavit is a statement in writing, signed and made upon oath before an authorized magistrate.” Hntil such affidavit was made, tbe clerk bad no authority to issue the attachment — it was a nullity. Nor bad be any authority after-wards to amend tbe affidavit, by allowing tbe party to sign and swear to it, without issuing a new writ. It was held in Lillard v. Porter, 2 Head, 177, that when an attachment bill is amended by filing an amended bill, tbe lien does not relate to tbe time of tbe levy of tbe attachment on the *535 original bill, but takes effect only from tbe time of filing tbe amendment. Tbe amendment made by tbe clerk, therefore, was a nullity, and bad no effect in making good tbe attachment issued without any affidavit. By sec. 3477, an affidavit may be amended, as to any defect in form, but this does not authorize an amendment, which affects the substance of the affidavit; nor does this authorize the clerk to make amendments of any kind after he' has exhausted his jurisdiction by issuing the attachment. In this ease no application was made to amend, nor could it have been done at the time, if the application had been made.
The judgment of the court below is affirmed.